421 So.2d 741 (1982)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
ARVIDA CORPORATION, a Delaware Corporation Authorized to Do Business in Florida, National West, Inc., F/K/a National Roofing Company, Inc., et al., Appellees.
No. 81-984.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
*742 K.P. Jones of Jones & Zaifert, Fort Lauderdale, for appellant.
William Robert Leonard of Coleman, Leonard & Morrison, Fort Lauderdale, for appellees Nat. West, Inc., Charles E. McGee, Jr., and Elizabeth L. McGee.
HURLEY, Judge.
Allstate Insurance Company (Allstate) appeals from an order which purports to grant partial summary judgment, but which, in fact, requires Allstate to defend National West, Inc., an Allstate policy holder. Since we conclude that genuine issues of material fact remain for resolution, we are compelled to reverse.
In 1978 Arvida Corporation, a major housing developer, sued its roofing contractor, National West, Inc. Arvida claimed that National West performed defective roofing work at Arvida's `Missionwood' development. Subsequently, Arvida filed a second amended complaint which named Allstate as a co-defendant of National West. Arvida claimed that Allstate had issued an insurance policy to National West and that the policy provided coverage for the damage alleged in this case.
The next significant pleading was National West's amended cross-claim against Allstate. Therein, National West claimed that Allstate breached its contract by refusing to defend National West in its suit with Arvida. Therefore, National West sued for damages. Allstate answered and, as an affirmative defense, asserted that National West had not complied with material requirements of the insurance contract. Apparently, this referred to Allstate's contention that National West had failed to provide timely notice to Allstate and, thus, it was relieved of its duty to defend. Parenthetically, we note that National West never questioned the adequacy of this pleading and both parties have litigated on the assumption that it adequately asserted an affirmative defense.
National West then filed a motion for summary judgment against Allstate. Affidavits were filed in support of, and in opposition to the motion. In what can only be described as a curious order, the trial court held in favor of National West and proceeded to rule that "from the date of this Order hence, Allstate Insurance Company, shall assume the defense of this matter... ." The court further noted that it had not reached a determination of whether Allstate's policy provided coverage for the damages claimed by Arvida.
We begin by considering the issue of this court's jurisdiction. Depending on how one chooses to classify the "partial summary judgment," it suggests three independent bases for jurisdiction. First, although National West did not plead for specific performance, the order, in fact, requires Allstate to perform on the contract and, thus, the judgment could be construed as a final judgment, appealable under Rule 9.110, Fla.R.App.P. Alternatively, the order could be construed to be a mandatory injunction, appealable under Rule *743 9.130(a)(3)(B), Fla.R.App.P. Finally, and perhaps the weakest possibility, the order might be construed as one which determines the issue of liability in favor of a party seeking affirmative relief. Rule 9.130(a)(3)(C)(iv). Fla.R.App.P. Under any of these characterizations, we have jurisdiction.
Turning to the merits, the order must be reversed for two reasons. First, it grants a remedy not pled for nor supportable in light of National West's request for money damages. Second, it violates an elemental rule governing summary judgments. "[T]o obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses." Bunner v. Florida Coast Bank, 390 So.2d 126, 127 (Fla. 4th DCA 1980); see also Esteban v. Cordoba, 398 So.2d 481 (Fla. 4th DCA 1981). National West did neither. If anything, the supporting and opposing affidavits in this case firmly indicate the existence of genuine issues of material fact regarding timely notice and resulting prejudice. See American Fire & Casualty Co. v. Collura, 163 So.2d 784 (Fla. 2d DCA), cert. denied, 171 So.2d 389 (Fla. 1964); State Farm Mutual Automobile Insurance Co. v. Ranson, 121 So.2d 175 (Fla. 2d DCA 1960). Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
LETTS, C.J., and DOWNEY, J., concur.