687 So.2d 834 (1996)
AETNA COMMERCIAL INSURANCE COMPANY, Appellant,
v.
AMERICAN SIGN CO. and Herbert Hastings, Appellees.
No. 96-01250.
District Court of Appeal of Florida, Second District.
December 11, 1996.
Rehearing Denied February 11, 1997.
*835 Eric A Schultz and Michael J. Wiener of Law Offices of William J. Capito, Tampa, for Appellant.
Chester L. Skipper and Jesse L. Skipper of Skipper & Day, St. Petersburg, for Appellees.
WHATLEY, Judge.
Aetna Commercial Insurance Company appeals a partial summary judgment entered in a third-party action filed against it by the appellees, American Sign Company (ASC) and Herbert Hastings. The judgment found that the terms of a commercial general liability insurance policy issued by Aetna required it to defend the appellees in an action for personal injuries filed by an employee of ASC. We reverse. We hold that the employee's action does not fall under any of the terms of coverage of the policy, and therefore, Aetna has no duty to defend the appellees in that action.
The employee, Charles Demming, filed an amended complaint against the appellees alleging that he suffered injuries on or about January 20, 1993, when he fell from a ladder in the course of his employment with ASC. The complaint alleged that the ladder gave way because its supporting cables were not properly maintained due to Hastings' willful, wanton, and intentional failure to implement ASC's policy to comply with the manufacturer's maintenance recommendations. The complaint alleged that Hastings was at all relevant times an officer, director, shareholder, and supervisor of ASC and responsible for the supervision and maintenance of the ladder.[1]
ASC notified Aetna of Demming's action and sought coverage under the policy. Aetna denied coverage, asserting the applicability of several policy exclusions. The appellees then filed this third-party action seeking a declaration of their rights under the policy. Both parties subsequently filed motions for partial summary judgment regarding Aetna's *836 duty to defend the appellees in Demming's action. The trial court granted the appellees' motion, although the partial summary judgment does not specify its basis. We have jurisdiction. Canal Ins. Co. v. Reed, 666 So.2d 888 (Fla.1996) (where insurance coverage issue has been decided in a third-party declaratory judgment action between an insurer and its insured, insurer may seek immediate review).
"The allegations of the complaint govern the duty of the insurer to defend." National Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533, 536 (Fla.1977). If those allegations set forth facts which bring the case within the coverage of the policy, the insurer has a duty to defend its insured in that case. Capoferri v. Allstate Ins. Co., 322 So.2d 625 (Fla. 3d DCA 1975). The policy at issue in this case is not ambiguous, and therefore, the construction of its terms is a question of law for this court. Hartford Ins. Co. v. Atkinson, 623 So.2d 549 (Fla. 2d DCA 1993). As we shall explain, the allegations of Demming's complaint do not bring his case within the coverage of the policy.
Demming alleged that he was injured in the course of his employment with ASC. The policy contains a course of employment exclusion, and it is one of the grounds Aetna asserted in denying coverage. This exclusion provides in pertinent part as follows:
2. Exclusions
This insurance does not apply to:
d. "Bodily injury" to:
(1) An employee of the insured arising out of and in the course of employment by the insured;

. . .
This exclusion applies:
(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
This exclusion does not apply to liability assumed by the insured under a contract or agreement.
The appellees contend this exclusion does not apply for two reasons. They first contend that this exclusion does not preclude coverage of Hastings because Demming did not allege he was an employee of Hastings, he only alleged he was an employee of ASC. The complaint alleged that Hastings was being sued in his capacity as an employee of ASC. That fact notwithstanding, Hastings and ASC are both listed as insureds in the declarations section of the policy. The course of employment exclusion applies whether "the insured may be liable as an employer or in any other capacity." Thus, the exclusion does preclude coverage of Hastings, an insured, because he may be liable "in any other capacity."
The appellees also contend that the exception to this exclusion applies and provides coverage for ASC. They argue that article 10 of the bylaws of ASC, which provides for indemnification of a director or officer whom the directors adjudge not guilty of willful misconduct, constitutes a contract or agreement under which liability was assumed. Bylaws are "[r]egulations, ordinances, rules or laws adopted by an association or corporation or the like for its internal governance." Black's Law Dictionary 201 (6th ed.1990). Article 10 of the bylaws of ASC is not an agreement or contract by which liability was assumed. Accordingly, the course of employment exclusion precludes coverage of Demming's action under the policy.
We note that Demming's complaint alleged that Hastings intentionally failed to implement ASC's maintenance policy. Although the policy contains an intentional acts exclusion, Aetna cannot rely on that exclusion because it did not notify the appellees it intended to assert that defense as required by section 627.426(2)(a), Florida Statutes (1993).
Accordingly, we hold that the allegations of Demming's complaint do not bring the complaint within the coverage of the commercial general liability policy, and therefore, Aetna has no duty to defend the appellees in Demming's action. We reverse and remand for *837 entry of partial summary judgment in favor of Aetna.
Reversed and remanded.
SCHOONOVER, A.C.J., and QUINCE, J., concur.
NOTES
[1] These allegations against Hastings also named Daniel Schmith, an officer, director, and shareholder from 1985 through 1991. Hastings and Schmith filed a motion for summary judgment alleging immunity from suit pursuant to section 440.10, Florida Statutes (1993). The motion was granted only with respect to Schmith. Consequently, we have not referred to him in this opinion. If he was immune from suit, Aetna would have no duty to defend him in the first instance.