702 So.2d 614 (1997)
NATIONAL ASSURANCE UNDERWRITERS, INC., Appellant,
v.
Anita M. KELLEY, as Personal Representative of the Estate of Daniel Kelley, Deceased, et al., Appellees.
No. 97-2316.
District Court of Appeal of Florida, Fourth District.
December 17, 1997.
Mitchell E. Widom and Sherril M. Colombo of Rubin Baum Levin Constant Friedman & Bilzin, Miami, for appellant.
No appearance required for appellees.

ORDER DISMISSING APPEAL
PARIENTE, BARBARA J., Associate Judge.
Appellant, National Assurance Underwriters, Inc. (insurer), appeals an order denying *615 its motion for summary judgment and an order denying its motion for rehearing. We sua sponte dismiss this non-final appeal because it is untimely and because the orders constitute nonappealable non-final orders.
The insurer filed a separate complaint for declaratory judgment against appellees (insureds), seeking a declaration that it was no longer obligated to provide a defense to the insureds in a related personal injury action because it had tendered its policy limits. The insurer filed a motion for summary judgment in the declaratory judgment action, which the trial court denied without explanation. The insurer's motion for rehearing was also denied. Thirty days after the entry of the order denying rehearing, the insurer filed this appeal.
The order denying the summary judgment is a non-final order. Rehearing does not toll the time for the appeal of a nonfinal order. See Nationwide Ins. Co. v. Forrest, 682 So.2d 672 (Fla. 4th DCA 1996). This appeal must therefore be dismissed as untimely because it was not filed within thirty days of the order denying the summary judgment.
Even if the appeal were timely, we would lack jurisdiction because an order denying summary judgment in a dispute over an insurer's duty to defend does not constitute an appealable non-final order. The insurer relies on Canal Ins. Co. v. Reed, 666 So.2d 888 (Fla.1996), in support of its position that we have jurisdiction over this appeal. We disagree.
In Canal, our supreme court concluded that a declaratory judgment within a third party negligence action was separately appealable as a final order. "We can find no logic or reason to hold that a declaratory judgment finding coverage in a separate action is appealable but an identical declaratory judgment in a third-party action is not appealable." Id. at 891 (emphasis supplied). The decision in Canal is limited to declaratory judgments. Canal does not suggest that orders denying summary judgment are reviewable on appeal.
In opposing dismissal, the insurer further relies on Florida Rule of Appellate Procedure 9.110(n) (1997). This subsection was added in response to our supreme court's suggestion in Canal that the Appellate Court Rules Committee consider an appropriate method for providing expedited review of declaratory judgments determining insurance coverage. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 793 (Fla.1986); Canal, 666 So.2d at 892.
Rule 9.110(n) provides that:

Judgments that determine the existence or non-existence of insurance coverage in cases in which a claim has been made against an insured and coverage thereof is disputed by the insurer may be reviewed by the method prescribed in this rule [for final appeals] or that in rule 9.130[for non-final appeals].
(Emphasis supplied).
The rule, by its clear and unambiguous terms, is limited to "judgments." An order denying summary judgment is not, by any stretch, a "judgment."[1]See also Southeast Mechanical Contractors of Tampa, Inc. v. M.A. Mortenson Co., 685 So.2d 1316 (Fla. 2d DCA 1996). Essentially, the purpose of the rule is to allow an appellant to take advantage of the more expeditious review provided for non-final orders. The purpose of rule 9.110(n) is not to expand the types of non-final orders that are reviewable.
Appeals of non-final orders are strictly limited to those orders specifically listed in rule 9.130(a)(3). An order denying summary judgment is not included in the list of non-final appealable orders set forth in rule 9.130(a)(3).
Neither Canal nor the amendment to rule 9.110(n) has transformed orders denying summary judgment in coverage disputes into either final appealable orders or appealable non-final orders. Accordingly, this non-final *616 appeal is dismissed because we lack jurisdiction to consider it.[2]
APPEAL DISMISSED.
GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.020(f) (1997), defines an "order" as a "decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries." While an "order" for the purposes of the appellate rules may include a judgment, a judgment does not equate with a non-final order denying summary judgment.
[2] The insurer has requested that we stay this appeal because the underlying personal injury case has resulted in a verdict for its insureds. However, that request is mooted by our sua sponte dismissal.