763 So.2d 1133 (1999)
NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,
v.
Richard HARRICK, Appellee.
No. 99-3353.
District Court of Appeal of Florida, Fourth District.
December 29, 1999.
*1134 John J. Pappas, Lisa A. Oonk and John M. Odom of Butler, Burnett, Pappas, Tampa, for appellant.
Louis B. Vocelle, Jr. of Clem, Polackwich & Vocelle, Vero Beach and Lisa D. Harpring, Vero Beach, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
Nationwide has taken an appeal from a non-final order entered in an action in which the appellee insured sought declaratory relief as to whether Nationwide had a duty to defend and coverage in another lawsuit. The trial court granted the insured's motion for partial summary judgment and held that Nationwide had a duty to defend, but denied the insured's motion as to coverage because that issue could not be determined until factual issues were resolved in the underlying action.
The appellee insured has moved to dismiss on the ground that an order determining only a duty to defend (and not coverage) is not appealable. Fla.R.App.P. 9.110(n), entitled "Insurance Coverage Appeals," allows appeals from non-final orders "that determine the existence or non-existence of insurance coverage in cases in which a claim has been made against an insured." Because this order only determines that the insurer has a duty to defend, and does not determine coverage, this order is not appealable at this time.[1] Appeal dismissed.
KLEIN, GROSS and TAYLOR, JJ., concur.
NOTES
[1] We note that before rule 9.110(n) was established, the second district construed Canal Ins. Co. v. Reed, 666 So.2d 888 (Fla.1996) as allowing an appeal of an order requiring an insurer to defend. Aetna Commercial Ins. v. American Signs, 687 So.2d 834 (Fla. 2d DCA 1996).