PER CURIAM.
Affirmed. The trial court properly granted summary judgment in favor of Occidental. See § 627.727(2), Fla. Stat. (1984). Occidental’s policy provided only excess coverage to Appellant’s husband, Donald Ellman, and USF & G, his personal automobile policy, provided primary coverage. Further, at the time he rented the automobile in question from Value Rent-A-Car, Donald Ellman explicitly rejected the opportunity to purchase primary coverage from Occidental. Therefore, Occidental was under no obligation under the rental car agreement to furnish uninsured motorist coverage to him. See generally, Travelers Ins. Co. v. Quirk, 583 So.2d 1026, 1028 (Fla.1991); Tres v. Royal Surplus Lines Ins. Co., 705 So.2d 643 (Fla. 3d DCA 1998).
We do not address, as it is moot, Appellant’s argument that there remain issues of fact regarding whether rejection of uninsured motorist coverage by Value Rent-A-Car and Donald Ellman was enforceable as informed, because the written rejections did not follow the statutory form.
STONE, POLEN, and STEVENSON, JJ., concur.