On Motion To Dismiss
NORTHCUTT, Judge.
Life Bank sued Centennial Insurance Company in three counts. We previously dismissed on jurisdictional grounds Centennial’s appeal from an order granting Life Bank’s motion for partial summary judgment as to its first count. In due course, the circuit court issued an order granting Life Bank’s motion for partial summary judgment on its third count. Centennial brought this appeal from that order, and we dismiss it as well.
Life Bank is insured under a commercial general liability policy (CGL) issued by Centennial. The parties’ dispute began when Life Bank was sued for damages by Christopher and Janice McCullough. Life Bank notified Centennial of the claim, but Centennial denied coverage and refused to furnish Life Bank with a defense to the McCullough lawsuit. Life Bank then filed a two-count lawsuit against Centennial. Count one sought a declaratory judgment that the McCullough claim was covered under the CGL policy and that Centennial had a duty to defend the McCullough lawsuit. Count two sought damages for Cen *2 tennial’s breach of its contractual obligation to defend the lawsuit.
The parties filed cross-motions for partial summary judgment on count one. The circuit court entered an order granting Life Bank’s motion and denying Centennial’s. After we dismissed Centennial’s appeal from that order, Life Bank amended its complaint to allege that it had unsuccessfully solicited Centennial’s participation in settlement negotiations with the McCulloughs and then had settled the McCulloughs’ lawsuit by paying them $90,000. It added a third count seeking damages for Centennial’s breach of its contractual duty to pay the McCullough claim.
Once again, the parties filed cross-motions for summary judgment on count three. The circuit court entered an order granting Life Bank’s motion and denying Centennial’s, and Centennial has appealed that order.
In its notice of appeal, Centennial characterized the order as “a final judgment which determines the existence of insurance coverage and awards damages reviewable under rules 9.110 and 9.110(m), Florida Rules of Appellate Procedure.” But the order at issue is not a final order. Rather, it merely grants a motion for summary judgment. Therefore, it is not final and is not appealable. See Monticello Ins. Co. v. Thompson, 743 So.2d 1215 (Fla. 1st DCA 1999), and cases cited therein.
In response to Life Bank’s motion to dismiss this appeal, Centennial has argued that, final or not, the order necessarily determined the existence of insurance coverage and that it is therefore appealable under rule 9.110(m).[1] That rule states:
Judgments that determine the existence or nonexistence of insurance coverage in cases in which a claim has been made against an insured and coverage thereof is disputed by the insurer may be reviewed either by the method prescribed in this rule or that in rule 9.130.
The reference to rule 9.130, which governs appeals from nonfinal orders, has caused some confusion about the purpose and meaning of this rule. Centennial is not the first to suggest that the provision grants a district court jurisdiction to entertain an appeal from a nonfinal order that determines the existence or nonexistence of insurance coverage. For example, in Nationwide Mutual Insurance Co. v. Harrick, 763 So.2d 1133 (Fla. 4th DCA 1999), the Fourth District dismissed an appeal from a nonfinal order that granted the insured’s motion for summary judgment on the insurer’s duty to defend the insured in another lawsuit but denied the motion for summary judgment as to coverage because the issue could not be determined until factual issues were resolved in the underlying action. The Fourth District observed that rule 9.110(m) “allows appeals from non-final orders ‘that determine the existence or non-existence of insurance coverage.’ ” Id. at 1134. Nevertheless, the court dismissed the appeal because it concluded that an order deciding only the duty to defend did not qualify as an order determining coverage. On that point, the Harriet court noted that prior to the adoption of rule 9.110(m), this court in Aetna Commercial Insurance Co. v. American Sign Co., 687 So.2d 834 (Fla. 2d DCA 1996), held that such orders were final appealable orders. For the reasons described below, we conclude that rule 9.110(m) does not grant us jurisdiction to entertain appeals from nonfinal orders. Indeed, the rule does not prescribe jurisdiction of any sort.
*3 As reflected in the committee notes to the rule, it was promulgated to implement the Florida Supreme Court’s decision in Canal Insurance Co. v. Reed, 666 So.2d 888 (Fla.1996). Fla. R.App. P. 9.110 committee notes, 1996 amend. In that case, an insurer suffered a third-party declaratory judgment determining that it provided liability coverage for the insured in the underlying action.[2] Because the underlying action was not yet resolved, the First District held that the order was not a final appealable order and that it was not ap-pealable as a nonfinal order under then-rule 9.130(a)(3)(C)(iv), which permitted an appeal from a nonfinal order determining liability in favor of a party seeking affirmative relief.[3] Canal Ins. Co. v. Reed, 653 So.2d 1085 (Fla. 1st DCA 1995). In the latter regard, the court certified conflict with this court’s decision in Insurance Co. of North America v. Querns, 562 So.2d 365 (Fla. 2d DCA 1990), which held that such orders were reviewable as nonfinal orders under that rule. The First District in Reed also certified as a question of great public importance the issue of whether the insurer could seek review of the judgment prior to a final determination of liability in the underlying action and, if so, by what method.
Proceeding on the certified question, the supreme court noted that pursuant to section 86.011, Florida Statutes, declaratory judgments have the same force as final judgments. It also observed that the coverage issue could have been resolved in a separate declaratory judgment action rather than in a third-party proceeding in the underlying action. It concluded that the third-party declaratory judgment on the coverage issue should be treated as a final order for purposes of appeal, just as it would have been if it had been rendered in a separate action. Reed, 666 So.2d at 891.
Having determined that the order at issue there was appealable as a final judgment, the supreme court found it unnecessary to decide whether the First District’s decision conflicted with Querns, 562 So.2d 365. Thus, it expressly did not reach the question of whether orders finding coverage were reviewable as nonfinal orders. 666 So.2d at 890 n. 3.
The supreme court in Reed noted that it would be in the best interests of all parties for coverage issues to be resolved expeditiously, so as to avoid unnecessary delays in the underlying actions. Therefore, it asked the Florida Bar Appellate Court Rules Committee to devise an appropriate method for expediting such appeals. Id. at 892.
The upshot of Reed is that final declaratory judgments determining insurance coverage are appealable as final orders regardless of whether they arise from a third-party action or from a separate suit. The court did not decide whether orders finding coverage qualified as appealable nonfinal orders under former rule 9.130(a)(3)(C)(iv).
It is also important to note that by its holding in Reed, the supreme court did not create jurisdiction in the district courts of appeal. Insofar as the court discerned that declaratory judgments determining coverage are final orders, the district courts already had jurisdiction to review them by appeal. Art. V, § 4(b)(1), Fla. *4 Const. Nor did the Reed decision establish jurisdiction in the district courts to entertain appeals from nonfinal orders determining coverage. Under our state constitution, district courts of appeal are authorized to entertain appeals of nonfinal orders only “to the extent provided by rules adopted by the supreme court.” Id. (emphasis supplied).
The question, then, is whether the supreme court created such jurisdiction when it adopted rule 9.110(m). That it did not is apparent in two ways. First, by its terms, the rule applies only to “judgments that determine the existence or nonexistence of insurance coverage.” (Emphasis supplied.) When construing this rule two years prior to its decision in Harrick, the Fourth District observed that “[t]he rule, by its clear and unambiguous terms, is limited to ‘judgments.’ An order denying summary judgment is not, by any stretch, a ‘judgment.’ ” Nat’l Assurance Underwriters, Inc. v. Kelley, 702 So.2d 614, 615 (Fla. 4th DCA 1997). As the Kelley court noted, Florida Rule of Appellate Procedure 9.020(f) defines an “order” as a “decision, order, judgment, decree, or rule of a lower tribunal.” Thus, a judgment is an “order,” but an order is not necessarily a “judgment.”
The other reason it is clear that this provision does not provide for appeals from nonfinal orders is that it is part of rule 9.110. That rule begins with an “applicability” provision, which states: “This rule applies to those proceedings that ... invoke the appeal jurisdiction of the courts described in rules 9.030(a)(1), (b)(1)(A), and (c)(1)(A).” Fla. R.App. P. 9.110(a)(1). The referenced rules 9.030(a)(1) and (c)(1)(A) describe the appellate jurisdiction of the supreme court and circuit courts, respectively. Rule 9.030(b)(1)(A) describes the appellate jurisdiction of district courts of appeal to review “final orders of trial courts, not directly reviewable by the supreme court or a circuit court.” (Emphasis supplied.) Therefore, rule 9.110 and its subsections, including this one, apply only to appeals from final orders.
Pursuant to its constitutional authority, the supreme court provided for district court jurisdiction to entertain appeals from nonfinal orders in rule 9.030(b)(1)(B). In that provision, the supreme court directed that district courts of appeal shall review by appeal “non-final orders of circuit courts as prescribed by rule 9.130.” (Emphasis supplied.) The latter rule contains no provision for appeals from nonfinal orders determining insurance coverage.
As did the Fourth District in Kelley, we conclude that the purpose of rule 9.110(m) is simply to provide a more expeditious procedure for appeals of judgments deciding coverage disputes when a claim has been made against an insured. It does not expand the district courts’ jurisdiction to entertain appeals of nonfinal orders. See Kelley, 702 So.2d at 615. That being the case, the rule is purely procedural. As previously mentioned, the district courts have always had jurisdiction of appeals from final orders.
Contrary to Centennial’s assertion, our conclusion is not at odds with this court’s decision in Transcontinental Insurance Co. v. Jim Black & Associates, Inc., 888 So.2d 671 (Fla. 2d DCA 2004). Given the confusion over this rule and the sometimes complicated procedural postures of the cases in which it arises, Centennial’s reliance on Transcontinental Insurance Co. is understandable. It is, however, misplaced. In Transcontinental Insurance Co., the insured was sued for patent infringement and unfair competition. The insurer agreed to defend the suit under a reservation of rights. It then filed suit for a declaratory judgment determining that its policy did not obligate it to cover the claim
*5 or defend the suit. On cross-motions for summary judgment, the circuit court rendered a partial final judgment declaring that there was no coverage for or duty to defend against the patent infringement claim. As to the unfair competition claim, the partial final judgment determined that there was a duty to defend, but it did not decide whether there was coverage. The insurer appealed and the insured cross-appealed.
The insured challenged our jurisdiction. Citing Harrick, 763 So.2d 1133, it argued that under rule 9.110(m), we had no authority to review a partial final judgment that addressed only the duty to defend. This court pointed out that the partial final judgment on appeal was not limited to the duty to defend but also specifically concluded that the insurance policies provided no coverage for or duty to defend the patent infringement claim. “Because the judgment resolves both coverage and duty to defend issues, the judgment is appeal-able under rule 9.110(n).” Transcon. Ins. Co., 888 So.2d at 674.
Our characterization of the judgment in Transcontinental Insurance Co. as “appealable under rule 9.110(n)” could be taken to suggest that the rule is jurisdictional. But we further pointed out that in Aetna, 687 So.2d 834 — a decision that predated rule 9.110(m) — this court relied on Reed when holding that a partial final judgment determining that an insured had a duty to defend was appealable as a final order. Transcon. Ins. Co., 888 So.2d at 674. We rejected the insured’s assertion that Reed and Aetna were superceded by rule 9.110(m). “[W]e conclude that the rule does not limit appellate jurisdiction but rather provides an alternative for expedited review of insurance coverage issues as suggested by the supreme court in [Reed ].” 888 So.2d at 674. Thus, in Transcontinental Insurance Co. we recognized both that we had jurisdiction under case law that predated rule 9.110(m) and that the rule did not supersede or limit that jurisdiction. We did not hold that the rule authorizes our review of a nonfinal order.
In sum, the order on appeal is a nonfinal order that is not appealable under rule 9.130 or any other rule. For this reason, we have no jurisdiction to entertain the appeal.
Appeal dismissed.
DAVIS and CANADY, JJ., Concur.

. The rule was originally found at 9.110(n) and was later redesignated as 9.110(m). In some of the authorities discussed herein, the rule is referred to by its original designation.

. In a "third-party” action the insured defendant brings a third-party complaint for liability coverage against its insurer as part of the underlying tort action. See Higgins v. State Farm Fire & Cas. Co., 894 So.2d 5, 15 n. 6 (Fla.2005).

. Rule 9.130(a)(3)(C)(iv) was repealed effective January 1, 2001. Amendments to Florida Rules of Appellate Procedure, 780 So.2d 834, 838, 860 (Fla.2000).