EMAS, J.
Appellant, the plaintiff below, seeks review of an order denying its motion impartial final summary judgment on one count of its six-count complaint. That count alleged that appellee, Seymour International, Inc., violated the Interstate *978 Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701-1720.
The order denying appellant’s motion for summary judgment is a non-final order. Nat’l Assur. Underwriters, Inc. v. Kelley, 702 So.2d 614 (Fla. 4th DCA 1997). Appeals of non-final orders are strictly limited to those specifically listed in Florida Rule of Appellate Procedure 9.130(a)(8). An order denying summary judgment is not appealable pursuant to Rule 9.130(a)(3), and this court lacks jurisdiction to entertain this appeal.[1] Id.
Appeal dismissed for lack of jurisdiction.

. Rule 9.130(a)(3) does permit appeals of a non-final order which, for example, concerns venue; grants, denies, or modifies injunctive relief; or determines the right to immediate possession of property. The instant order contains no findings or conclusions, other than its one-word ruling that tire motion is "denied.” Appellant has failed to provide a transcript of the hearing on the motion. In the absence of an adequate record, we are unable to determine the basis for the trial court’s ruling and therefore, are unable to determine whether the trial court’s order made findings or determinations that would provide this court with jurisdiction under the limited scope of Rule 9.130(a)(3). See e.g., Barber v. Wonderland Greyhound Park, 656 So.2d 961 (Fla. 5th DCA 1995) (holding appellate court did not have jurisdiction to review non-final order under 9.130(a)(3)(B) where record failed to establish that trial court had considered whether injunctive relief should be granted).