# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1260
Lower Tribunal No. 14-4189
_____

**Mid-Continent Casualty Company,**
Appellant,

vs.

**Flora-Tech Plantscapes, Inc.,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Hinshaw & Culbertson LLP, and James H. Wyman and Ronald L. Kammer, for appellant.

Alvarez, Carbonell, Feltman & DaSilva, PL, and Paul B. Feltman and Bryant Paris, for appellee, Flora-Tech Plantscapes, Inc.

Before, ROTHENBERG, C.J., and SUAREZ and LAGOA, JJ.

LAGOA, J.

Mid-Continent Casualty Company ("MCC") appeals from the trial court's

order granting Flora-Tech Plantscapes, Inc.'s ("Flora-Tech") motion for summary

judgment to the extent it declares that MCC has a "duty to defend" Flora-Tech against claims brought by Coastal Construction of Miami-Dade, Inc. ("Coastal") and The Palace Management Group, LLC ("Palace"). Because the order is a non-final, non-appealable order, we dismiss MCC's appeal for lack of jurisdiction.

## I.  FACTUAL AND PROCEDURAL HISTORY

This action began as a personal injury litigation against, inter alia, Coastal and Palace. After Flora-Tech was brought in as a third-party defendant, Flora-Tech filed a fourth-party complaint against MCC, its insurer, under a commercial general liability policy (the "Policy") for declaratory relief seeking a "judicial declaration that MCC must defend and indemnify" Flora-Tech for claims asserted against it by Coastal and Palace. MCC, in turn, filed an amended counterclaim against Flora-Tech and a crossclaim against both Coastal and Palace for declaratory relief asserting that it had no duty to defend and, therefore, no duty to indemnify Flora-Tech for Coastal's Third-Party Complaint and Palace's Amended Crossclaim.

Flora-Tech and MCC filed cross motions for summary judgment and, after a hearing, the trial court entered a comprehensive order (the "Order") denying MCC's motion and granting Flora-Tech's motion "to the extent it seeks a declaration finding that [MCC] has a 'duty to defend' it against the claims asserted by Coastal and Palace." The trial court, however, specifically found that it was not

2

deciding "[t]he question of whether [MCC] has a duty to indemnify Flora-Tech against any damages ultimately awarded." This appeal ensued.[1] Upon reviewing the Order on appeal, this Court *sua sponte* issued an order asking the parties why this appeal should not be dismissed for lack of jurisdiction.

II.    ANALYSIS

At the outset, we note that the order does not constitute an appealable final order.   See Ball v. Genesis Outsourcing Solutions, LLC. 174 So. 3d 498, 499 (Fla. 3d DCA 2015) ("An order that merely grants a motion for summary judgment is not a final order."); Lidsky Vaccaro & Montes, P.A., v. Morejon, 813 So. 2d 146, 149 (Fla. 3d DCA 2002) ("[A]n order which merely grants a motion for summary judgment and does not otherwise contain the traditional words of finality is not a final order subject to appellate review."). The trial court's Order merely grants summary judgment in favor of Flora-Tech "to the extent it seeks a declaration finding that [MCC] has a 'duty to defend' it against claims asserted by Coastal and Palace," and it does not enter judgment. "An order granting only summary judgment merely establishes an entitlement to judgment, but is not itself a judgment." Lidsky, 813 So. 2d at 149. Because the order appealed from does not enter judgment, it is not an appealable final order.[2]

---

[1] After the appeal was filed, MCC filed a Notice of Voluntary Dismissal advising the Court that MCC, Coastal and Palace had reached a settlement and MCC had dismissed its claims against Coastal and Palace. As such, only Flora-Tech remains as an Appellee in this matter.

MCC concedes as much, and instead argues that this Court has jurisdiction to entertain this appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). MCC asserts that an order finding a duty to defend falls into that category of non-final orders that "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions." Fla. R. App. P.

---

[2] This Court considered other possible grounds for jurisdiction and concluded that this Court lacks jurisdiction under those avenues as well. Pursuant to Florida Rule of Appellate Procedure 9.110(k), a partial final judgment is appealable if it "is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims." Because the indemnification issue remained pending below at the time the Order was entered, the Order cannot be characterized as a "partial final judgment." See Florida Farm Bureau Gen. Ins. Co. v. Peacock's Excavating Serv., Inc., 186 So. 3d 6 (Fla. 2d DCA 2015) (holding that partial final judgment which determined only duty to defend but not duty of indemnification not an appealable order); Nationwide Mut. Ins. Co. v. Harrick, 763 So. 2d 1133 (Fla. 4th DCA 1999) (holding order determining only duty to defend not appealable under Rule 9.110).

The Court also considered Rule 9.110(m), which provides for an appeal of "[j]udgments that determine the existence or nonexistence of insurance coverage in cases in which a claim has been made against an insured and coverage thereof is disputed by the insurer may be reviewed either by the method prescribed in this rule or that in rule 9.130." We conclude that the Order is not appealable under Rule 9.110(m) because that provision, by its terms, does not apply here as the Order is neither a "judgment" nor does it determine the issue of coverage (only the duty to defend). See National Assurance Underwriters, Inc., v. Kelley, 702 So. 2d 614, 615 (Fla. 4th DCA 1997) (This "rule, by its clear and unambiguous terms, is limited to 'judgments.'"). Additionally, Rule 9.110(m) has been held not to create jurisdiction. Universal Underwriters Ins. Co. v. Stathopoulos, 113 So. 3d 957, 959 (Fla. 2d DCA 2013); Centennial Ins. Co. v. Life Bank, 953 So. 2d 1, 4 (Fla. 2d DCA 2006) (concluding that "the purpose of rule 9.110(m) is simply to provide a more expeditious procedure for appeal of judgments deciding coverage disputes when a claim has been made against an insured. It does not expand the district courts' jurisdiction to entertain appeals of non-final orders. That being the case, the rule is purely procedural.").

9.130(a)(3)(B). Because the Order does not on its face "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions," MCC argues that, as a practical matter, the Order should be construed as one that grants an injunction. In support, MCC relies upon Allstate Insurance Co. v. Arvida Corp., 421 So. 2d 741 (Fla. 4th DCA 1982).

In Arvida, the insured cross-claimed against its insurer for coverage defending the suit against the insured. Id. at 742. On a motion for summary judgment on the insurance claim, the Fourth District Court of Appeal noted that the trial court, in "a curious order . . . proceeded to rule that 'from the date of this Order hence, [the insurer] *shall* assume the defense of this matter." Id. (emphasis added). As a result of the trial court's specific language, the Fourth District Court of Appeal held that it had jurisdiction to entertain the appeal as the order was appealable as a final judgment granting specific performance, as a non-final order granting an injunction, or as an order determining liability in favor of a party seeking affirmative relief. Id. at 742-43.

MCC argues that "[b]y finding that MCC had a duty to defend Flora-Tech, the trial court's order here did no less" than the order in Arvida. We find, however, that the Order at issue here is distinguishable from the order in Arvida. Unlike the order in Arvida, the Order here contains no such command or directive to MCC to defend Flora-Tech in the underlying litigation. At most, the Order

5

merely declares that MCC "has a 'duty to defend' [Flora-Tech] against the claims asserted by Coastal and Palace."  While, as a practical matter, many insurers may choose to defend their insured after such a judicial declaration, the trial court's determination that MCC has a contractual duty to defend in no way constitutes an injunction commanding an act to be done or prohibiting their commission.

MCC admits that no Florida case other than Arvida has determined that an order declaring that the insurer has a duty to defend is appealable under Rule 9.130(a)(3)(B).  As such, MCC asks this Court to also consider federal law, arguing that several federal courts "have found [appellate] jurisdiction to review nonfinal orders determining an insurer's duty to defend" under 28 U.S.C. § 1292(a)(1).  We find MCC's arguments unpersuasive as, in each of the federal cases cited by MCC, the appeals were taken from orders *compelling* the insurer to defend.  We therefore find that those cases are distinguishable for the same reason as Arvida, *supra*. See Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 669 (3d Cir. 2016) ("[P]rospectively, Westfield shall provide defense to Ramara in the underlying action . . . ."); Church Mut. Ins. Co. v. Ma'Afu, 657 F. App'x. 747, 751 (10th Cir. 2016) ("[T]he court ordered Church Mutual to defend Mr. Ma'Afu . . . ."); W Holding Co., v. AIG Ins. Co.-Puerto Rico, 748 F.3d 377, 378 (1st Cir. 2014) (concluding that "order requiring Chartis Insurance Company to advance defense costs" constituted an injunction); Abercrombie & Fitch Co. v. Fed. Ins. Co., 370 F.

6

App'x. 563, 566 n.6 (6th Cir. 2010) ("Federal is hereby **ORDERED** to advance payment for the following categories of costs . . . ."); Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sahlen, 999 F.2d 1532, 1535 (11th Cir. 1993) ("National Union was required to pay the Insureds' defense costs in the underlying suits until its claim for rescission was resolved."); Gon v. First State Ins. Co., 871 F.2d 863, 866 (9th Cir. 1989) (noting that "original order direct[ing] First State to pay defense expenses in the FSLIC litigation as they were incurred . . . . met the general definition of an injunction").

Moreover, we find persuasive the opinions from our sister courts, which held, although for other reasons, that a summary judgment order merely construing a duty to defend under an insurance policy is not an appealable order. The Fourth District Court of Appeal in Nationwide Mutual Insurance. Co. v. Harrick, 763 So. 2d 1133 (Fla. 4th DCA 1999), a case decided after its own Arvida decision, dismissed the appeal and held that the trial court's order determining that the insurer had a duty to defend but denying the insured's motion as to coverage was not an appealable order. Id. at 1134. Significantly, in Nationwide, the Fourth District Court of Appeal made no mention of its Arvida decision.

Additionally, the Second District Court of Appeal in Florida Farm Bureau General Insurance Co. v. Peacock's Excavating Service, Inc., 186 So. 3d 6, 10 (Fla. 2d DCA 2015), dismissed an appeal and held that an order granting summary

7

judgment in the insured's favor finding that the insurer had a duty to defend but not ruling on the duty to indemnify was not an appealable order under Rule 9.130. Id.

As our sister court stated in Florida Farm Bureau, "we recognize that the duty to defend poses a unique and critical issue in many insurance disputes and may well be the most pressing concern in a coverage claim . . . . But we cannot create jurisdiction for the sake of expediency." This Court's jurisdiction to review non-final orders is limited to those matters specifically enumerated in Florida Rule of Appellate Procedure 9.130, and the order on appeal does not fall within any of those enumerated categories. This Court is not at liberty to assume jurisdiction which has not been conferred upon it.

III.    CONCLUSION

Because the order at issue merely grants summary judgment but does not enter judgment, we find that the order appealed from is a non-final, non-appealable order. Moreover, we find that the trial court's order granting Flora-Tech's motion for summary judgment "to the extent it seeks a declaration finding that [MCC] has a 'duty to defend' it against the claims asserted by Coastal and Palace" does not constitute an injunction pursuant to Rule 9.130(a)(3)(B). We therefore dismiss the appeal for lack of jurisdiction.

Appeal dismissed.