# Third District Court of Appeal

## State of Florida

Opinion filed December 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-205
Lower Tribunal No. 21-5539
_____

**Claudia Torres, et al.,**
Appellants,

vs.

**SBE Hotel Group, LLC, et al.,**
Appellees.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Thomas J. Rebull and Oscar Rodriguez-Fonts, Judges.

Reyes Lawyers, P.A., and Ibrahim Reyes Gandara, for appellants.

Lewis Brisbois Bisgaard & Smith, LLP, Stefanie R. Phillips, David L. Luck and Janice Lopez, for appellees.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Claudia and Herman Torres ("Torreses") appeal two non-final orders in favor of SBE Hotel Management, LLC, SBE Hotel Group, LLC and SBEEG Holdings, LLC (collectively, "the SBE Defendants") asserting they are appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). We find the non-final orders did not determine jurisdiction of the person as required by rule 9.130(a)(3)(C)(i), and therefore dismiss the appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

The Torreses filed a complaint against the SBE Defendants for injuries that occurred at the SLS Brickell Hotel but did not name the property owner at the time of the alleged incident—PRH 1300 S. Miami Avenue, LLC ("PRH 1300"). After the statute of limitations had run, the Torreses filed a motion for leave to amend the complaint to add PRH 1300 as a defendant. The trial court entered an order denying the motion to amend finding that the addition of PRH 1300 was barred by the statute of limitations and the amendment would not relate back to the filing of the original complaint. Thereafter, the Torreses filed a motion for reconsideration of the trial court's order. The trial court denied the motion. This appeal followed.

## LEGAL ANALYSIS

Our jurisdiction to review non-final orders is limited to those matters specifically enumerated in Florida Rule of Appellate Procedure 9.130. Mid-Continent Cas. Co. v. Flora-Tech Plantscapes, Inc., 225 So. 3d 336, 340 (Fla. 3d DCA 2017). Orders denying leave to amend are not included. See Hawaiian Inn of Daytona Beach Inc. v. Snead Constr. Corp., 393 So. 2d 1201, 1202 (Fla. 5th DCA 1981) (stating orders denying leave to amend are not listed in rule 9.130(a)(3) as non-final orders reviewable by appeal); Toscano Condo. Ass'n, Inc. v. DDA Eng'rs, P.A., 274 So. 3d 487, 489 (Fla. 3d DCA 2019) ("An order denying leave to amend is a non-final and non-appealable order." (quoting Traveler v. Steiner Transocean Ltd., 895 So. 2d 1191, 1192 (Fla. 3d DCA 2005))).

The Torreses rely on rule 9.130(a)(3)(C)(i) to invoke this Court's jurisdiction to hear the otherwise non-reviewable interlocutory orders. Rule 9.130(a)(3)(C)(i) provides in relevant part: "Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . **determine** . . . **jurisdiction of the person**." Fla. R. App. P. 9.130(a)(3)(C)(i) (emphasis added). "The rule requires that an interlocutory order on appeal must actually adjudicate and determine the personal jurisdiction issue." Dexx Med. Indus., CA v. Fitesa Naotecidos S.A., 346 So. 3d 1215, 1217 (Fla. 3d

3

DCA 2022). "Under rule 9.130(a)(3)(C)(i), 'jurisdiction of the person' has been interpreted as referring to whether the service of process was proper or whether the long-arm statute has been correctly applied." Cole v. Posada, 555 So. 2d 367, 368 (Fla. 3d DCA 1989). Here, the orders on appeal address the expiration of the applicable statute of limitations and the relation-back doctrine. We find no basis to invoke this Court's jurisdiction under rule 9.130(a)(3)(C)(i) because there is no language in the challenged orders actually adjudicating and determining personal jurisdiction over PRH 1300. Compare Dexx, 346 So. 3d at 1218 (dismissing the appeals of non-final orders under rule 9.130(a)(3)(C)(i) because the orders did not determine the issue of jurisdiction), with Fla. Ins. Guar. Ass'n, Inc. v. Mendoza, 193 So. 3d 940, 942 n.4 (Fla. 3d DCA 2016) (finding a non-final order appealable under rule 9.130(a)(3)(C)(i) because "the order on appeal determined that the trial court could exercise personal jurisdiction over FIGA").

Dismissed.