826 So.2d 532 (2002)
Ronald E. DAHLY, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Eric Olsen, Richard Coffey, Julia Hermelbracht, Sue Gray, and Harriett Powell, Appellees.
No. 2D01-5744.
District Court of Appeal of Florida, Second District.
September 27, 2002.
Ronald E. Dahly, pro se.
Thomas J. DeBari of Harbsmeier, DeZayas & Appel, LLP, Lakeland, for Appellees.
PARKER, Judge.
Ronald Dahly appeals a summary judgment entered in favor of the Department of Children and Family Services, Eric Olsen, Richard Coffey, Julia Hermelbracht, Sue Gray, and Harriett Powell (collectively "the appellees") in his tort action arising *533 from investigations by the Department of Health and Rehabilitative Services. We reverse and remand for the trial court to enter an order stating its grounds for entering summary judgment on each count.
Dahly served as executive director from May 1992 until May 11, 1995, of a nonprofit organization known as "Wheelhouse" that provided group homes and training programs to developmentally disabled adults in Lakeland, Florida. Although Wheelhouse was a private entity, it operated under the control and guidance of the Department of Children and Family Services, formerly known as the Department of Health and Rehabilitative Services (the Department). Although members of the Department instituted complaints that caused criminal charges to be filed against Dahly, all of the charges resulted in a not guilty verdict or dismissal of the complaint. Dahly also alleges that the Department, through its agents, forced Wheelhouse to terminate him and to require that Wheelhouse not allow him to have any contact with Wheelhouse clients or staff members.
Dahly originally filed this civil action for damages in December 1998. Dahly filed a twelve-count revised second amended complaint in May 2000, in which he sued the Department for negligence and for failure to abide by legally required nondiscretionary operating rules (counts 1, 5, and 12). The complaint also alleged tortious conduct by Eric Olsen, Richard Coffey, Julia Hermelbracht, Sue Gray, and Harriett Powell, all agents of the Department. Dahly sued them in their personal capacities for acting outside the scope of their authority and violating established rules and procedures, with malice or while exhibiting wanton and willful disregard for Dahly's legally protected rights (counts 4, 6, 7, and 9-11). The summary judgment order in favor of the appellees effectively dismissed the Department and all Department agents as defendants on all causes of action regarding the three separate incidents alleged in the complaint.
We conclude that the lack of specific factual findings and conclusions of law in the trial court's order hinders appellate review of this case. Dahly's revised second amended complaint is ninety-four pages long (212 pages long with attachments) and contains twelve counts, nine of which are at issue here. The trial court's order states that upon considering the pleadings, Dahly's deposition, and the parties' arguments, it appears that "there is no genuine issue as to any material facts" and that the appellees "are entitled to Judgment as a matter of law." The trial court then granted summary judgment and dismissed the nine counts pertaining to the appellees. The trial court's order contains no factual findings or conclusions of law. Therefore, it is uncertain on what basis the trial court granted summary judgment as to each appellee on each count.[1] Therefore, we reverse the final summary judgment and remand for the trial court to enter an order stating the grounds that support its entry of a final summary judgment on each count.
Reversed and remanded.
ALTENBERND and GREEN, JJ., concur.
NOTES
[1] It appears that a grant of summary judgment on the issue of lack of malice, for example, would be premature at this stage, when the trial court considered only Dahly's complaint and deposition. Furthermore, malice was not alleged in the negligence counts against the Department, although in its motion for summary judgment the appellees raise a lack of malice under counts 5 and 12 against the Department for negligence.