845 So.2d 350 (2003)
Ronald E. DAHLY, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Eric Olsen, Richard Coffey, Julia Hermelbracht, Sue Gray, and Harriett Powell, Appellees.
No. 2D01-5744.
District Court of Appeal of Florida, Second District.
May 30, 2003.
*351 Ronald E. Dahly, pro se.
Thomas J. DeBari and Viviana I. Pedroso of Harbsmeier, DeZayas & Appel, LLP, Lakeland, for Appellees.

ON MOTION FOR REVIEW OF APPELLATE COSTS ORDER
ALTENBERND, Chief Judge.
Pursuant to Florida Rule of Appellate Procedure 9.400(c), we review the trial court's order denying Ronald E. Dahly's motion to recover appellate costs. We reverse the order and direct the trial court to enter the judgment.
On September 27, 2002, this court reversed a summary judgment that had been entered against Mr. Dahly and in favor of the appellees. See Dahly v. Dep't of Children & Family Servs., 826 So.2d 532 (Fla. 2d DCA 2002). In our opinion, we directed the trial court to enter a new order on the motion for summary judgment specifying the grounds for its ruling on each count. We did not relinquish jurisdiction for this purpose, but reversed the order on appeal because it was not clear to this court that the trial court could actually enter an appropriate summary judgment on each count if it was required to explain its reasons. Mr. Dahly may not ultimately prevail in the trial court, but he did prevail on the significant issue in the case on appeal.
Under Florida Rule of Appellate Procedure 9.400(a), unless otherwise directed by this court, the prevailing party is entitled to file a motion in the trial court within thirty days of remand to obtain an award of costs. Di Teodoro v. Lazy Dolphin Dev. Co., 432 So.2d 625 (Fla. 3d DCA 1983). The party who prevails in the appeal is entitled to obtain this award prior to the conclusion of proceedings in the trial court and without regard to whether they ultimately prevail in the trial court proceeding.
In this case, the appellees convinced the trial court that Mr. Dahly was not entitled *352 to an award of costs because he had not yet prevailed in the trial court. We appreciate the fact that the limited nature of our own holding may have caused the trial court to believe it had the discretion to delay the award of costs. However, because Mr. Dahly prevailed in this court, he is entitled to recover his costs at this time. See Di Teodoro, 432 So.2d at 626; Lucas v. Barnett Bank of Lee County, 732 So.2d 405, 407 (Fla. 2d DCA 1999).
Reversed with directions to grant Mr. Dahly a judgment for appellate costs.
NORTHCUTT and SILBERMAN, JJ., concur.