876 So.2d 1245 (2004)
Ronald E. DAHLY, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, and Eric Olsen, Richard Coffey, Julia Hermelbracht, Sue Gray, and Harriett Powell, Appellees.
No. 2D03-3116.
District Court of Appeal of Florida, Second District.
July 2, 2004.
*1247 Ronald E. Dahly, pro se.
Viviana I. Pedroso of Harbsmeier, DeZayas, Appel & Harden, L.L.P., Lakeland, for Appellees.
WALLACE, Judge.
Ronald E. Dahly appeals the partial summary judgment entered in favor of the Department of Children and Family Services, Richard Coffey, Eric Olsen, Julia Hermelbracht, Sue Gray, and Harriett Powell (collectively, "the appellees") in his lawsuit arising from investigations by the Department of Health and Rehabilitative Services. We affirm the partial summary judgment to the extent that it is a final, appealable order.

Facts and Procedural History
From May 1992 until May 1995, Dahly served as executive director of a nonprofit organization known as "Wheelhouse," which provided group homes and training programs to developmentally disabled adults in Lakeland, Florida. Although Wheelhouse was a private entity, it received funding and operated under the control and guidance of the Department of Children and Family Services, formerly known as the Department of Health and Rehabilitative Services ("the Department"). In 1998, Dahly filed a civil action for damages against the Department, several of its employees, and other individuals. In 2000, Dahly filed a twelve-count revised second amended complaint alleging, among other things, that Department officials, acting in their personal capacities, committed tortious conduct leading to the filing of criminal charges against Dahly and deprived Dahly of his constitutionally protected rights in connection with his termination as Wheelhouse's executive director. Additionally, the complaint alleged negligence by the Department during the course of these events.
In 2001, the trial court granted summary judgment on nine counts pertaining to the appellees. However, the trial court's order lacked specific findings of fact and conclusions of law to permit appellate review on the merits. In 2002, this court reversed the summary judgment and remanded for the trial court to enter an order stating the grounds that support summary judgment on each count. Dahly v. Dep't of Children & Family Servs., 826 So.2d 532, 533 (Fla. 2d DCA 2002).[1]
*1248 On remand, the trial court vacated its prior order, and the appellees filed a second amended motion for partial summary judgment. After a hearing on the motion in May 2003, the trial court granted summary judgment in favor of the appellees on all counts pertaining to them except count six, which sought to hold Coffey and Olsen liable for malicious prosecution. This appeal followed.

Rule 9.110(k)
Our authority to review a partial summary judgment is derived from Florida Rule of Appellate Procedure 9.110(k). The order under review finally adjudicated eight of the twelve counts of Dahly's revised second amended complaint. Three counts remain pending below.[2] When an appeal is taken from a summary judgment that does not dispose of all of the parties or causes of action in a lawsuit, this court applies a three-part test to determine our authority under rule 9.110(k) to review the judgment: (1) Could the cause of action disposed of by the partial summary judgment be maintained independently of the other remaining causes of action? (2) Were one or more parties removed from the action when the partial summary judgment was entered? (3) Are the counts separately disposed of based on the same or different facts? Szewczyk v. Bayshore Props., 456 So.2d 1294, 1296 (Fla. 2d DCA 1984).
We have applied this test to each of the causes of action at issue in this appeal and conclude that we are not authorized to review the summary judgment entered in favor of Coffey and Olsen on count seven of Dahly's complaint because of its relationship to count six pending below. Count seven is an action for defamation against Coffey and Olsen for statements they made in the course of investigations into Medicaid mismanagement or fraud at Wheelhouse. Count six is an action for malicious prosecution against Coffey and Olsen for their role in the Medicaid fraud investigation leading to Dahly's arrest for grand theft, a charge which was later dismissed and expunged from Dahly's record. The trial court found that a genuine issue of fact existed with regard to count six and declined to grant summary judgment.
Counts six and seven are interrelated, arising from essentially the same operative facts and involving the same defendants and similar proof to satisfy the respective elements of each cause of action. Therefore, the summary judgment entered on count seven was nonfinal and nonappealable, and we do not have authority under rule 9.110(k) to review it at this time. We express no opinion on the merits thereof. Except for the rulings on counts six and seven, the judgment under review is final and appealable in all respects.

Standard of Review
An order granting final summary judgment is subject to de novo review. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). A party moving for a summary judgment must conclusively demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510; Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). Once the moving party meets his burden, then the party opposing entry of a summary judgment must prove the existence of genuine *1249 triable issues. Holl, 191 So.2d at 43-44. If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party, and summary judgment must be denied. Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So.2d 1138, 1140 (Fla. 2d DCA 2000). When considering the documents drafted by Dahly, a pro se litigant below and in this appeal, we have looked to the substance of his arguments and of the allegations of his "admittedly cumbersome" complaint.

Analysis
Dahly challenges the entry of summary judgment in favor of the appellees on counts four, five, nine, ten, and twelve of his revised second amended complaint.[3] Count four alleged negligent performance of a mandatory duty against Coffey, a Department official with supervisory authority over Wheelhouse. The gist of count four was twofold: First, Coffey was negligent for authorizing a specific policy affecting residents at a Wheelhouse group home. Second, Coffey made false statements to Department investigators and the State Attorney when they investigated a complaint of abuse arising from the implementation of that policy. The investigation led to the filing of criminal charges against Dahly. He was subsequently acquitted of the charges.
Coffey is entitled to summary judgment on this count for two reasons: First, Dahly did not demonstrate that Coffey owed him a legal duty of care with respect to authorizing policies at Wheelhouse or with respect to Coffey's participation in the abuse investigation and prosecution. Second, to the extent the substance of count four alleges a cause of action for defamation against Coffey for statements he made in connection with the abuse investigation and prosecution, the record conclusively demonstrates that Coffey is entitled to qualified immunity.[4] Coffey clearly satisfied his initial burden to demonstrate that all of the statements at issue were qualifiedly privileged communications under the test set forth in Nodar v. Galbreath, 462 So.2d 803, 809 (Fla.1984). The burden then shifted to Dahly to demonstrate the possible existence of any triable issue that Coffey was not entitled to the presumption of good faith to which such qualifiedly privileged communications are accorded. See Thomas v. Tampa Bay Downs, Inc., 761 So.2d 401, 404 (Fla. 2d DCA 2000). This Dahly failed to do. When viewed in a light most favorable to Dahly, Coffey's statements were not true. However, this fact alone was not sufficient to preclude summary judgment in Coffey's favor on count four.
Counts nine and ten concern a different abuse investigation at Wheelhouse and involve Hermelbracht, Powell, and Gray. Hermelbracht, an investigator for the Department's Adult Protective Services, investigated whether neglect by Wheelhouse was responsible for the death of one resident *1250 and an injury to another. Powell, a Department District Operations and Program Manager, wrote a letter to Wheelhouse's board of directors that allegedly forced Wheelhouse to terminate Dahly immediately and to require that Wheelhouse not allow him to have any contact with Wheelhouse clients or staff members. Gray was the Department's District Administrator. Dahly alleged that Hermelbracht, Powell, and Gray violated his constitutionally protected rights in violation of 42 U.S.C. § 1983 (1994) and that they conspired to deprive him of such rights in violation of 42 U.S.C. § 1985. Viewing the facts in a light most favorable to Dahly, we find that Dahly failed to demonstrate the possible existence of any triable issue that Hermelbracht or Gray did anything to violate his constitutionally protected rights. Thus, Hermelbracht and Gray are entitled to summary judgment on counts nine and ten. The remaining question is whether Powell, by writing the letter to Wheelhouse's board, may be held liable for a violation of § 1983.
Powell, as a mid-level Department official, belongs to the broad class of state executive officials who are entitled to assert qualified immunity in opposition to a federal civil rights lawsuit. Harlow v. Fitzgerald, 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity from a federal civil rights claim means that government officials performing discretionary functions are shielded from personal liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Id. at 818, 102 S.Ct. 2727. Powell clearly satisfied her initial burden to demonstrate that she was performing a discretionary function as a Department official when she communicated with the Wheelhouse board. The burden then shifted to Dahly to demonstrate the possible existence of any triable issue that Powell's conduct violated Dahly's clearly established statutory or constitutional rights. See Stephens v. Geoghegan, 702 So.2d 517, 526 (Fla. 2d DCA 1997) (describing the two-step analysis of a qualified immunity defense). Dahly failed to establish the existence of any constitutionally guaranteed right that Powell's conduct may have violated.
In count nine, Dahly contended that his sudden termination violated his Fourteenth Amendment due process right to some form of pre-termination notice and an opportunity to be heard. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542-47, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (holding that a public employee who can be discharged only for cause is entitled to at least some informal due process before he can be terminated). A public employee may establish the existence of a constitutional due process right by showing a legitimate expectation of continued employment, which must arise from "existing rules or understandings that stem from an independent source such as state law." Id. at 538, 105 S.Ct. 1487. Dahly did not show that he had a legitimate expectation of continued employment as Wheelhouse's executive director by virtue of a statute, contract, or some other rule providing that he could have been terminated only for cause, nor did he show that he was otherwise entitled to pre-termination due process.
In count ten, Dahly contended that Powell's letter directing the Wheelhouse board not to allow Dahly to associate with Wheelhouse clients or staff violated Dahly's First Amendment right to free association. However, Dahly did not allege that he suffered adverse employment consequences for engaging in speech related to a political, social, or other concern to *1251 the community, nor did he allege an abridgment of his freedom to associate for the purpose of engaging in protected speech or religious activities or his freedom to enter into intimate or private relationships. See Bd. of Regents v. Snyder, 826 So.2d 382, 388 (Fla. 2d DCA 2002) (applying Pickering v. Bd. of Educ., 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)); Roberts v. U.S. Jaycees, 468 U.S. 609, 617-18, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). Because Dahly failed to establish the existence of any clearly established constitutional right affected by Powell's conduct, Powell is entitled to summary judgment on counts nine and ten.
Counts five and twelve allege that the Department negligently supervised Coffey, Olsen, Hermelbracht, Gray, and Powell during the course of the events described in Dahly's complaint. A governmental entity may be liable for negligence only where there is either an underlying common law duty or statutory duty of care with respect to the alleged negligent conduct. Trianon Park Condo. Ass'n v. City of Hialeah, 468 So.2d 912, 917 (Fla.1985). "How a governmental entity, through its officials and employees, exercises its discretionary power to enforce compliance with the laws duly enacted by a governmental body is a matter of governance, for which there never has been a common law duty of care." Id. at 919 (identifying the categories of governmental activity that do not give rise to a duty of care). Taking as true Dahly's allegations of misconduct by the Department's agents, they were exercising discretionary power as Department officials. Thus the Department did not owe Dahly a duty of care with respect to its agents' conduct. Although Dahly describes the Department's responsibility to supervise its agents as a mandatory statutory duty, the nature of the power exercised by the Department's agents remained discretionary. Because Dahly failed to demonstrate the possible existence of any triable issue concerning the Department's negligence, it is entitled to summary judgment on counts five and twelve without the need for it to assert the doctrine of sovereign immunity to avoid liability. See Kaisner v. Kolb, 543 So.2d 732, 734 (Fla.1989).

Conclusion
Consistent with our authority under rule 9.110(k), the final summary judgment entered in favor of the appellees is affirmed with regard to counts one, four, five, nine, ten, eleven, and twelve. We recognize as nonfinal the summary judgment entered in favor of Coffey and Olsen on count seven and do not review it at this time.
Affirmed.
FULMER and CASANUEVA, JJ., concur.
NOTES
[1] See also Dahly v. Dep't of Children & Family Servs., 845 So.2d 350 (Fla. 2d DCA 2003) (ruling on Dahly's motion for review of an appellate costs order).
[2] In addition to count six against Coffey and Olsen, it appears from the record that counts two and three against former Wheelhouse employee Oscar Sansoni remained pending in the trial court at the time of the entry of the partial summary judgment under review. Count eight against former Department employee Judy Carter was dismissed prior to the entry of the judgment under review.
[3] Apparently, Dahly conceded to the trial court that summary judgment was proper with regard to count one, alleging negligent performance of a mandatory duty against the Department, and count eleven, alleging libel against Hermelbracht, Gray, and Powell. On appeal, Dahly does not challenge the entry of summary judgment on these counts.
[4] The record does not conclusively demonstrate that Coffey was entitled to absolute immunity. See Fridovich v. Fridovich, 598 So.2d 65, 69 (Fla.1992) (holding that absolute immunity extends to statements made in the course of judicial proceedings but not to preliminary investigations prior to the institution of criminal charges).