PER CURIAM.
Appellant challenges the trial court’s denial of her petition for approval of an attorney’s fees contract. Because the trial court failed to comply with the requirements of the applicable rule, we reverse.
Appellant chose the Distasio Law Firm to represent her in a medical malpractice action. Due to the nature of her claim, the firm would only represent her if she agreed to a straight 40% contingency fee. Pursuant to Rule 4 — 1.5(f)(4)(B)(ii) of the Rules Regulating the Florida Bar, Appellant signed the approved waiver of rights form and petitioned the circuit court for approval of the fee contract. Without holding a hearing and without making any factual findings, the circuit court denied the petition. This was error.
The rule provides that the trial court “shall” approve a petition “if the court determines the client has a complete understanding of the client’s rights and the terms of the proposed contract.” R. Regulating Fla. Bar 4 — 1.5(f)(4)(B)(ii). The comment to the rule also states that a trial court “must” approve the petition if the client understands the rights that are being waived and the contents of the contract. Comment to R. Regulating Fla. Bar 4-1.5. “[T]he court must give unambiguous language its plain and ordinary meaning, unless it leads to a result that is either unreasonable or clearly contrary to legislative intent.” R.T.G. Furniture Corp. v. Coates, 93 So.3d 1151, 1153 (Fla. 4th DCA 2012). “Shall” is normally interpreted as a mandatory term that creates an obligation impervious to judicial discretion. City of St. Petersburg v. Remia, 41 So.3d 322, 326 (Fla. 2d DCA 2010); Psychiatric Inst. of *520 Delray, Inc. v. Keel, 717 So.2d 1042, 1043 (Fla. 4th DCA 1998). Consequently, the plain language of the rule required the trial court to approve the petition as long as it found that Appellant understood the rights that she was waiving and the terms of the fee contract. We, therefore, reverse the order on appeal and remand with directions for the trial court to make a determination as to whether Appellant’s waiver was knowingly and voluntarily made.
REVERSED and REMANDED with directions.
VAN NORTWICK, ROWE, and MARSTILLER, JJ., concur.