LUCAS, Judge.
In this insurance coverage dispute, Florida Farm Bureau General Insurance Company appeals ■ a partial final declaratory judgment entered in favor of its insured customer, Peacock’s Excavating Service, Inc,. For the reasons explained below we find that the partial final .judgment under appeal, which determined only the issue of an insurer’s duty to defend its insured customer but .not its duty of indemnification, is not a final appealable order.
In January 2010 the general contractors of a residential construction project filed an equitable subrogation lawsuit against Peacock’s Excavating for allegedly defective site work Peacock’s Excavating had performed' in 2005 on certain lots in the project. Peacock’s Excavating sought coverage from . Florida Farm under six com *8 mercial general insurance liability policies (the CGL Policies) which Florida Farm had issued to Peacock’s Excavating over several years. Florida Farm disputed the existence and scope of coverage under any of the CGL Policies but undertook Peacock’s Excavating’s defense in the underlying litigation pursuant to a reservation of rights.
Both insurer and .insured then sought declaratory relief in a separate lawsuit in circuit court,[1] each side asking for a favorable declaration concerning the question of coverage. The central issue in this declaratory judgment litigation appears to revolve around whether insurance coverage would be triggered when an “injury-in-fact” occurred or when an injury became manifested. Arguing for the latter position, Florida Farm filed a complaint that requested a determination that it had neither the duty to defend nor to indemnify Peacock’s Excavating in the underlying construction litigation. Peacock’s Excavating asserted that the injury-in-fact trigger should be applied and filed an amended counterclaim, seeking as its sole claim for relief, a declaration that Florida Farm had to defend and indemnify Peacock’s Excavating under the GGL Policies.
The trial court largely agreed with Peacock’s Excavating’s interpretation of the CGL Policies and granted summary judgment in its favor, ruling there was a duty to defend and to indemnify under all six policies at issue. ' Florida Farm filed a motion for reconsideration, which the trial court granted in part. The trial court entered a final partial judgment on- January 30, 2015 (the Partial Final Judgment), limiting Florida Farm’s duty to defend to certain policy periods. Notably, the Partial Final Judgment also limited the scope of the trial court’s prior declaration; it made no mention of Florida Farm’s duty to indemnify Peacock’s Excavating. Florida Farm then initiated this appeal of the Partial Final Judgment.[2]
Our basis for jurisdiction in this case hinges upon whether or not the Partial Final Judgment constituted a final appeal-able order. See Universal Underwriters Ins. Co. v. Stathopoulos, 113 So.3d 957, 959 (Fla. 2d DCA 2013) (explaining that when dismissing challenge to partial final judgment entered in a multi-count, insurance coverage dispute, court concerns itself “with whether the order on-appeal is a final judgment subject to appeal under rule 9.110”); SCI, Inc. v. Aneco Co., 410 So.2d 531, 532 (Fla. 2d DCA 1982) (“The test to be used by appellate courts in determining finality of an order, judgment or decree is whether there has been an end to the judicial labor below and nothing further remains to be done to terminate the dispute between the parties directly affected.”). That question turns on whether or not the Partial Final Judgment disposed of a “separate and distinct” cause of action that would not be “interdependent on other pleaded claims.” Marinich v. Special Edition Custom Homes, LLC, 1 So.3d 1197, 1199 (Fla. 2d DCA 2009).
Our case law provides a framework for identifying such appealable partial final judgments. Before we can exercise jurisdiction over any partial final judgment, we *9 must ask: (1) whether the claim disposed of by the partial final judgment could be maintained independently of the remaining claims; (2) whether one or more parties were removed from the action when the partial final judgment was entered; and (3) whether the claims could be separately disposed of based on the same or different facts. Dahly v. Dep’t of Children & Family Servs., 876 So.2d 1245, 1248 (Fla. 2d DCA 2004); Szewczyk v. Bayshore Props., 456 So.2d 1294, 1296 (Fla. 2d DCA 1984). Florida Rule of Appellate Procedure 9.110(k), which was amended in 2015 to include a definition of appealable partial final judgments, now explains it in similar fashion: “[a] partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims.” The underlying purpose of such limitations, we have explained, is to avoid piecemeal litigation of a controversy. See Marinich, 1 So.3d at 1199 (“[Pjiecemeal appeals should not.be permitted where claims are legally interrelated and in substance involve the same transaction.” (quoting Mendez v. W. Flagler Family Ass’n, Inc., 303 So.2d 1, 5. (Fla.1974))).
The pleadings in the proceedings below were composed of a single-count declaratory relief complaint and a single-count declaratory relief' amended counterclaim, each of which sought a favorable resolution for the same coverage controversy. The parties, the ’construction project, the underlying facts relating to that project, the lawsuit that arose from those facts which arguably triggered coverage, the CGL Policies, and the pertinent language within them — in short, all of the operative facts and issues that color the present dispute— are fixed within a single, undivided count of the operative pleadings. There are no individuated causes of action between these two parties, and the entire controversy spans a single set of actors and circumstances.
Applying the three factors set forth in Dahly and Bayshore Properties, then, leads us to conclude that the Partial Final Judgment is not an appealable final order. First, neither side has argued that the declaratory relief regarding the insurer’s duty to defend under the CGL Policies stands as a separate or independent cause of action from the declaratory relief concerning its duty to indemnify. In fact, in the proceedings below, both parties have prayed for a single declaration for both issues within their respective pleadings. Both insured and insurer have brought a declaratory relief action that would resolve the entire extent and scope of insurance coverage. The very function of such a claim is to afford an opportunity to obtain a final resolution of all of the aspects of a controversy between litigants in a single action. As the Third District Court of Appeal explained in Travelers Insurance Co. v. Wilson, 371 So.2d 145, 147 (Fla. 3d DCA 1979),
[i]t is well established that once either party to an insurance contract is successful in pleading a complaint for declaratory relief, the court becomes fully empowered and should completely adjudicate all the rights of the parties relating to coverage, liability and damages in order that the rights of the parties not be determined .in a piecemeal fashion.
To be sure, the scope of the duty to defend may be broader than the duty to.indemnify; and the duty to indemnify arguably may not become fully ripened until the merits of the underlying litigation are resolved. Aetna Ins. Co. v. Borrell-Bigby Elec. Co., 541 So.2d 139, 141 (Fla. 2d DCA 1989). However, any disparity in the scope or the temporal ripeness of these duties is of no moment for purposes of *10 declaratory relief. See § 86.051, Fla. Stat. (2009) (“Any declaratory judgment ... may be rendered by way of anticipation with respect to any act not yet don¿ or any event which has not yet happened.... ”); X Corp. v. Y Pers., 622 So.2d 1098, 1100 (Fla. 2d DCA 1993) (observing that the Declaratory Judgment Act-must be liberally construed and that one of its goals is to “render practical help in ending controversies which have not reached the stage where other legal relief- is immediately available”).
As to the second factor, no party has been effectively removed from the underlying litigation as a result of the Partial Final Judgment. Finally, with respect to the third factor, the overlap of facts necessary for the disposition of the claims, again, we have here a single, indivisible cause of action, a claim for declaratory relief concerning the same CGL Policies and the same, isolated set of facts. The issues of defense and; indemnity, though separate legal duties, do not appear amenable to separate disposition in this controversy. To the contrary, answering the question the litigants have raised concerning the broader duty to defend — when the triggering causal event occurred for purposes of coverage — would seem to address one of the key underlying questions that must also be answered to resolve the narrower duty to indemnify. See Aetna, 541 So.2d at 141. In each respect, then,'the Partial Final Judgment fails to meet the thresholds of finality set forth in Bayshore Properties and Dahly. -
Our sister court has held, albeit perhaps for different reasons, that a partial final judgment that only construes a duty to defend under an insurance policy is not an appealable order. Nationwide Mut. Ins. Co. v. Harrick, 763 So.2d 1133, 1134 (Fla. 4th DCA 1999),[3] Applying this court’s established, three-factor test in Bayshore Properties, we agree with the conclusion reached by the Fourth District. The Partial Final Judgment is not an appealable final order.- Nor is it an appealable nonfi-nal order under Florida Rule of Appellate Procedure 9:130, and it could not properly invoke our certiorari- jurisdiction. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995) (requiring an aggrieved party to demonstrate that the order on review results in material injury for the remainder of the trial that cannot be corrected on postjudgment appeal). We are thus compelled'to dismiss this appeal.
In so holding, we recognize that the duty to defend poses a unique and critical issue in many insurance disputes and may well be the most pressing concern in a coverage claim. Cf. R. Hugh Lumpkin & Alex Stern, We Need a Hard Eight: Florida’s Growing Exception to the Eight Cor *11 ners Rule, 89 Fla. B.J. 8, 12 (Mar. 2015) (noting various interests that are protected when a defense is afforded in litigation; “The duty to defend ... is implicated ... at a time when policyholders are vulnera- ■ ble and depending on the insurer to alleviate the burden and cost of defending the case, which may ultimately be groundless.”). But we cannot create jurisdiction for the sake of expediency. Faced with a partial adjudication of a singularly pleaded declaratory relief action, there is still judicial labor left to be completed before we can undertake an appellate review. ’
Appeal dismissed.
LaROSE and CRENSHAW, JJ„ concur.

. This declaratory judgment action was later consolidated into the underlying construction litigation for discovery purposes only[1].

. Florida Farm’s appeal was perfected, and this court suá sponte issued a directive to the parties, requesting that they be prepared to discuss thei$sue of this court’s jurisdiction at oral argument. Both parties provided a joint list of supplemental case authorities and presented oral arguments on this issue. Because we are dismissing this appeal for lack of jurisdiction, we make no comment on the underlying merits of the case.

. It appears that our court has never squarely addressed this precise jurisdictional issue of partial declaratory relief under the operative analysis for partial final judgments. In that regard, our prior holdings in Transcontinental Insurance Co. v. Jim Black & Associates, Inc., 888 So.2d 671 (Fla. 2d DCA 2004), and Aetna Commercial Insurance Co. v. American Sign Co., 687 So.2d 834, 836 (Fla. 2d DCA 1996), are distinguishable. Unlike the case at bar, the partial final judgment on appeal in Transcontinental, we recognized, was sufficiently final ás to the overall issue of coverage to furnish appellate review. 888 So,2d at 673-74 ("Contrary to the Insured’s argument that the partial final judgment only addresses the duty to defend .... [t]he judgment resolves both coverage and duty to defend issues, [and] the judgment is appealable...,”). In American, Sign we summarily declared, without any explanation, our jurisdiction to consider a partial summary judgment that determined only the -diity to defend under a commercial general liability insurance policy. 687 So.2d at 836. However, American Sign never referred to Bayshore Properties, Dahly, or any other case applying this District’s three-factor test,