NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARGARET ELLEN MAHANY, as        )
personal representative of the Estate of  )
William Edmiston, deceased,       )
                                  )
              Petitioner,         )
                                  )
v.                                )        Case No. 2D15-1553
                                  )
WRIGHT'S HEALTHCARE &             )
REHABILITATION CENTER,            )
                                  )
              Respondent.         )
                                  )

Opinion filed April 1, 2016.

Appeal from the Circuit Court for Pinellas
County; Walter L. Schafer, Jr., Judge.

Celene H. Humphries and Sarah C.
Pellenbarg of Brannock & Humphries,
Tampa, and Scott P. Distasio of Distasio
Law Firm, P.A., Tampa, for Petitioner.

No appearance on behalf of Respondent.

SLEET, Judge.

Margaret Ellen Mahany, as personal representative of the Estate of

William Edmiston, seeks certiorari review of the trial court's order denying her petition

for approval of an attorney fee contract, which would award her attorney 40% of the

total settlement award from her negligence claim against Wright's Healthcare and Rehabilitation Center rather than the standard 33 1/3% provided for by rule 4-1.5(4)(B)(i) of the Rules Regulating the Florida Bar. We deny the petition.

Mahany filed her complaint against Wright's on February 18, 2015, apparently after having already reached a settlement with Wright's. The limited appellate record reflects that Wright's did not retain counsel or otherwise participate in the circuit court proceedings. On February 20, 2015, petitioner's attorney, Scott Distasio, sent a letter to the trial court explaining that the parties settled presuit and attaching a petition for approval of the attorney fee contract signed by Mahany on March 24, 2014, and by Attorney Distasio on February 17, 2015. The fee contract provided "for a straight 40% through contingency fee to Distasio Law Firm." In her petition, Mahany waived any right or opportunity to be heard by the trial court on the petition. Without holding a hearing, the trial court denied the petition. Mahany filed a motion for reconsideration through counsel and attached an affidavit, which was signed after the initial petition was denied, stating that she understood that she was waiving her right to retain counsel at a rate consistent with rule 4-1.5 but that she would not be able to obtain counsel of her choice without this waiver. The circuit court denied the motion for reconsideration, and this appeal followed.

Mahany, who remains represented by Attorney Distasio for this proceeding, initially filed a notice of appeal from a final order. This court issued an order to show cause as to why this matter should not be dismissed as from a nonfinal, nonappealable order, and Mahany responded that this court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.110(k). Because it does not meet the standard

for a partial final judgment appealable under rule 9.110(k), we converted the appeal to a petition for writ of certiorari by order dated May 7, 2015.

In Szewczyk v. Bayshore Properties, 456 So. 2d 1294, 1296 (Fla. 2d DCA 1984), this court set forth three criteria that should be considered when determining whether a partial judgment is final and appealable: (1) whether the counts could be disposed of independently of each other, (2) whether one or more parties were removed from the action when the judgment was entered, and (3) whether the counts could be separately disposed of based on the same or different facts. See also Fla. Farm Bureau Gen. Ins. Co. v. Peacock's Excavating Serv., Inc., 40 Fla. L. Weekly D1724, D1725 (Fla. 2d DCA July 24, 2015); Dahly v. Dep't of Children & Family Servs., 876 So. 2d 1245, 1248 (Fla. 2d DCA 2004). Each of these criteria presupposes that the order on appeal resolves some portion of the underlying cause of action—i.e., some, but not all, of the counts alleged in the complaint—against a party to the litigation. Applying this test to the order presently on appeal is problematic because the order relates only to the plaintiff, Mahany, and her counsel; it does not resolve any of the counts of the complaint against either party to the litigation, and it does not relate to the facts of the underlying litigation. The defendant, Wright's, did not file a response in this appellate proceeding, explaining that it had no interest in the outcome of the appeal. Thus, the order denying the petition to accept the attorney fee agreement is better reviewed as a petition for writ of certiorari because it alleges a harm that cannot be remedied in a plenary appeal and is not a partial final judgment as to the underlying cause of action in this case. But see In re Buggs ex rel. Rengifo, 122 So. 3d 519, 520 (Fla. 1st DCA 2013) (considering a

similar order involving the Distasio Law Firm as a direct appeal, not as a petition for writ of certiorari).

"We may grant a petition for certiorari 'only when the petitioner establishes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.' " Capital One, N.A. v. Forbes, 34 So. 3d 209, 212 (Fla. 2d DCA 2010) (quoting DeLoach v. Aird, 989 So. 2d 652, 654 (Fla. 2d DCA 2007)). Prongs two and three are determinative of this court's jurisdiction. Id. Because the effect of the order on appeal is to deny the petitioner counsel of her choice, we conclude that the jurisdictional prongs of the certiorari standard have been met. See Akrey v. Kindred Nursing Ctrs. E., LLC, 837 So. 2d 1142, 1144 (Fla. 2d DCA 2003) (explaining that when the effect of an order "is for a party to be denied counsel of its choice, a material injury without appellate remedy" results).

Mahany contends that the circuit court departed from the essential requirements of law when it failed to apply the mandatory provision of rule 4-1.5, which requires the court to approve a fee agreement when the client shows that she understands her rights and the terms of the agreement.[1] "A failure to observe 'the

---

[1]Rule 4-1.5(f)(4)(B)(ii) states:
If any client is unable to obtain an attorney of the client's choice because of the limitations set forth in subdivision (f)(4)(B)(i), the client may petition the court in which the matter would be filed, if litigation is necessary, or if such court will not accept jurisdiction for the fee division, the circuit court wherein the cause of action arose, for approval of any fee contract between the client and an attorney of the client's choosing. Such authorization shall be given if the court determines the client has a complete understanding of the client's rights and the terms of the proposed contract.

essential requirements of law' has been held synonymous with a failure to apply 'the correct law.' " Hous. Auth. v. Burton, 874 So. 2d 6, 8 (Fla. 2d DCA 2004) (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)). Unlike the application of incorrect law, "a misapplication of the correct law or an erroneous interpretation of a law does not rise to the necessary level," i.e., "a violation of a clearly established principle of law resulting in a miscarriage of justice." Fassy v. Crowley, 884 So. 2d 359, 364 (Fla. 2d DCA 2004) (citing Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682-83 (Fla. 2000)); see also Burton, 874 So. 2d at 9. There is no indication in this record that the circuit court failed to apply rule 4-1.5 to the proceedings below. The circuit court's failure to approve the fee agreement, irrespective of whether we agree with Mr. Distasio that the language of rule 4-1.5(f)(4)(B)(ii) mandates approval when the client swears by affidavit that she is aware of her rights and the terms of the agreement, does not amount to a departure from the essential requirements of law on these facts. See Barker v. Barker, 909 So. 2d 333, 337 (Fla. 2d DCA 2005) ("A departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. There must be a violation of a clearly established principle of law resulting in a miscarriage of justice." (citing Combs v. State, 436 So. 2d 93, 95-96 (Fla. 1983))).

Finally, we emphasize that the rule requires the trial court to determine whether the client understands her right to have the fee limitations in rule 4-1.5(f)(4)(B) applied to her case and that she understands and approves the terms of the proposed contract. We are not persuaded that such a determination could be made without an

---

(Emphasis added).

- 5 -

evidentiary hearing. A waiver of this right in a sworn petition for approval of an attorney fee contract deprives the trial court of the ability to assess the client's competence, understanding, and willingness to waive such a right. The better practice is to present the client before the court to allow the court to assess her understanding of her rights and to confirm that she has made a knowing and intelligent waiver of her rights under the rule.

Petition for writ of certiorari denied.

LaROSE and SALARIO, JJ., Concur.