NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GOVERNMENT EMPLOYEES                    )
INSURANCE COMPANY,                      )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No. 2D16-2831
                                        )
ELIZABETH ARREOLA and MARIA             )
DE ARREOLA, GEICO GENERAL               )
INSURANCE COMPANY, and                  )
KIMBERLY LEE,                           )
                                        )
            Appellees.                  )
_____ )

Opinion filed June 2, 2017.

Appeal from the Circuit Court for
Hillsborough County; Mark R. Wolfe,
Judge.

B. Richard Young, Amanda L. Kidd,
Stephanie A. McQueen, and Joshua J.
Hartley of Young, Bill, Boles, Palmer &
Duke, P.A., Pensacola, for Appellant.

Charles M. Schropp and Charles P.
Schropp of Schropp Law Firm, P.A.,
Tampa; and Dennis G. Diecidue of The
Diecidue Law Firm, P.A., Tampa, for
Appellees Elizabeth Arreola and Maria De
Arreola.

No appearance for remaining Appellees.

CASE, JAMES R., Associate Senior Judge.

Government Employees Insurance Company (Geico) appeals the partial summary judgment ruling that it was required to pay an attorney's fee judgment entered against Elizabeth Arreola and Maria De Arreola (the Arreolas) under the supplemental payments provision of the Arreolas' policy. We decline to address Geico's arguments on appeal because the partial summary judgment is a nonfinal, nonappealable order. However, because the partial summary judgment impermissibly authorized execution before the entry of a final judgment, we convert the appeal into a petition for writ of certiorari and quash the order on review.

Elizabeth Arreola was driving a vehicle owned by Maria De Arreola when she was involved in an accident with another vehicle. The driver of the other vehicle filed a personal injury action against the Arreolas. Pursuant to the Arreolas' policy, Geico defended the suit and assigned a salaried attorney employed by Geico. The policy gave Geico the right to control the defense. During the litigation, the driver served $25,000 proposals for settlement on both Elizabeth and Maria De Arreola. Geico's attorney did not accept the proposals and allowed them to expire. Following a jury trial, the driver obtained a verdict which resulted in a judgment against the Arreolas for $80,428.32. The driver also obtained a judgment for attorney's fees against the Arreolas for $121,000 pursuant to the proposal for settlement statute. See § 768.79, Fla. Stat. (2014).

The Arreolas filed suit against Geico. Their complaint alleged that Geico acted in bad faith and breached its fiduciary duty in handling the claim against the

- 2 -

Arreolas, that the attorney assigned to the case by Geico was professionally negligent, and that Geico was responsible for such negligence under the doctrine of respondeat superior.

The Arreolas moved for summary judgment as to the attorney's fee judgment entered against them, arguing that Geico was required to pay for these fees under the additional payments provision of the Arreolas' policy—a theory of liability that was not alleged in the complaint. The trial court granted the motion and entered the partial summary judgment, finding that Geico was liable for the attorney's fee judgment under the supplemental payments provision in the Arreola's policy. The judgment also let execution issue.

Geico timely appealed the partial judgment, arguing that the trial court erred in determining that it was liable for the attorney's fees assessed against the Arreolas. This court issued an order to show cause as to why this appeal should not be dismissed as from a nonfinal, nonappealable order.

Both parties insist that this court has jurisdiction over the final judgment. They insist that the judgment was final in name and form and that it authorized execution. They further argue that the breach of contract claim is separate and distinct from the bad faith claim and that the two claims could be tried independently of one another. In support of this, they allege that the claims are based on separate facts and issues: the bad faith claim requires a determination that under the totality of the circumstances Geico acted in bad faith in handling the claim, while the breach of contract claim simply requires the interpretation of the policy.

We disagree that the judgment is an appealable partial final judgment.

Florida Rule of Appellate Procedure 9.110(k) provides:

> Except as otherwise provided herein, partial final judgments
> are reviewable either on appeal from the partial final
> judgment or on appeal from the final judgment in the entire
> case.  A partial final judgment, other than one that disposes
> of an entire case as to any party, is one that disposes of a
> separate and distinct cause of action that is not
> interdependent with other pleaded claims.  If a partial final
> judgment totally disposes of an entire case as to any party, it
> must be appealed within 30 days of rendition.

However, "not all partial judgments are immediately appealable."  Hallock v. Holiday Isle Resort & Marina, Inc., 885 So. 2d 459, 461 (Fla. 3d DCA 2004).  "[P]iecemeal appeals will not be permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit."  Jensen v. Whetstine, 985 So. 2d 1218, 1220 (Fla. 1st DCA 2008) (quoting S.L.T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974)).  This court considers three factors in determining whether a partial judgment may be appealed under rule 9.110(k):

> (1) Could the cause of action disposed of by the partial
> summary judgment be maintained independently of the other
> remaining causes of action?  (2) Were one or more parties
> removed from the action when the partial summary judgment
> was entered?  (3) Are the counts separately disposed of
> based on the same or different facts?

Universal Underwriters Ins. Co. v. Stathopoulos, 113 So. 3d 957, 959 (Fla. 2d DCA 2013) (quoting Dahly v. Dep't of Children & Family Servs., 876 So. 2d 1245, 1248 (Fla. 2d DCA 2004)).  The second factor does not apply to this case.  See id. at 960 n.2.  Further,

> [a]n analysis of "interdependence" requires the court to look
> primarily to the facts upon which the claims are based.  If the
> claims arise out of the same incident, the order dismissing
> some, but not all, of the counts will not constitute a final

- 4 -

appeal, even if the counts involve separate and severable
legal theories.

Biasetti v. Palm Beach Blood Bank, Inc., 654 So. 2d 237, 238 (Fla. 4th DCA 1995).

As a threshold matter we note that the partial judgment did not dispose of any claims pleaded in the complaint. The Arreolas' claim that Geico was liable for the attorney's fee judgment under the supplemental payments provision was first made in their motion for summary judgment. Moreover, this claim is interdependent with at least the bad faith claim which is still pending in the trial court. While the bad faith claim may require proof of additional facts, both claims sound in contract, see Am. Vehicle Ins. Co. v. Goheagan, 35 So. 3d 1001, 1003 (Fla. 4th DCA 2010) ("In Florida a bad faith claim is an action *ex contractu.*"), seek recovery for overlapping damages (the attorney's fee judgment), and arise from Geico's handling of a claim made against the Arreolas. Just because the breach of contract claim centers around a disputed issue of law and the bad faith claim focuses on disputed facts does not render the claims independent of one another. See Pellegrino ex. rel Pellegrino v. Horwitz, 642 So. 2d 124, 126 (Fla. 4th DCA 1994) ("[P]leading or proving differing legal theories does not establish that the counts are separate and distinct for the purpose of appealability where the counts arise from a set of common facts."). This is illustrated by the fact that the pending bad faith claim has the potential of mooting the issue on appeal. That is, if it is determined that Geico handled the claim in bad faith, the Arreolas will be able to recover for the attorney's fee judgment entered against them regardless of whether it was covered by the supplemental payments provision. See Cont'l Ins. Co. v. Jones, 592 So. 2d 240, 241 (Fla. 1992) ("[D]amages recoverable in a first-party bad faith suit under section

624.155, Florida Statutes (1989), are those damages which are the natural, proximate, probable, or direct consequence of the insurer's bad faith.").

Accordingly, the partial summary judgment is a nonfinal, nonappealable order. But this does not end our analysis. Under Florida Rule of Appellate Procedure 9.040(c), "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy." In its response to this court's order to show cause, Geico raised the alternative argument that this court should exercise its certiorari jurisdiction to quash the partial judgment because it authorizes execution prior to the entry of a final appealable judgment. We agree.

Before an appellate court can exercise its certiorari jurisdiction, "[a] petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648 (Fla. 2d DCA 1995). The latter two requirements are jurisdictional. Id. at 649. Geico has satisfied the jurisdictional prongs in this case because the partial judgment subjects it "to execution at a time when it has no appellate remedy and therefore cannot protect its assets by filing a supersedeas bond." E. Ave., LLC v. Insignia Bank, 136 So. 3d 659, 665 (Fla. 2d DCA 2014). Such an order also constitutes a departure from the essential requirements of law. See id. (reasoning that "[p]ermitting execution prior to completion of the litigation" is an "impropriety exceed[ing] the level of mere legal error"). Accordingly, we convert this appeal to a petition for writ of certiorari, grant the petition, and quash the summary judgment under review.

Petition for writ of certiorari granted; judgment quashed.


SLEET and LUCAS, JJ., Concur.